UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD E. DREW, and
ROLENA C. DREW,

    Plaintiffs,

v.                                      CASE NO: 8:14-cv-369-T-26TGW

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**O R D E R**

**UPON DUE CONSIDERATION** of the Defendant's Motion for Reconsideration (Dkt. 11) and the Plaintiffs' Response in Opposition (Dkt. 12), the Court finds that the motion should be denied. In the motion, Defendant requests that this Court reconsider the decision to permit this case to proceed to a jury trial.

Only three circumstances are considered when determining whether reconsideration of a prior order is appropriate: (1) a change in the law; (2) new evidence; or (3) the need to correct clear error or manifest injustice. See, e.g., Wi-Lan, Inc. v. HTC Corp., 951 F.Supp.2d 1291 (M.D. Fla. 2013). Reconsideration of a prior order is an extraordinary remedy to be used sparingly. Defendant does not address any of the three factors in the motion.

Defendant first attempts to factually distinguish the case relied upon by this Court in its prior order; yet, no new facts have been divulged.  As noted by Plaintiffs, the court in <u>Harrier v. Verizon Wireless Pers. Commc'ns, LP</u>, 2012 WL 3655355 (M.D. Fla.), <u>reconsideration denied</u>, 903 F.Supp. 2d 1281 (M.D. Fla. 2012), relied on a case involving a secured debt, as the debt was in this case.  Thus, the applicable law is not distinguishable based on the facts of those cases relied upon or of the facts of this case.

Second, Defendant argues that the bankruptcy discharge did not effectively discharge the debt secured by the mortgage, and consequently, the loan in this case became an enforceable nonrecourse obligation after discharge.  The Court finds merit in Plaintiffs' position that no reaffirmation agreement was reached, and therefore the debt remains discharged.  Again, Defendants have failed to show either new evidence supporting an enforceable obligation between the parties, or clear error in the application of the law.

Finally, Defendant maintains that as a mortgagee, it may contact Plaintiffs regarding pursuing payment of the discharged debt.  Plaintiffs counter that such a proposition would enable creditors to create a defacto post-discharge reaffirmation agreement, as if there had never been a discharge.  Defendant has failed to show clear error.  Based on the reasons set forth in this order, none of the three situations warranting reconsideration exist.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration (Dkt. 11) is **denied**.

Plaintiffs' request for attorney's fees as a sanction is **denied**.

**DONE AND ORDERED** at Tampa, Florida, on April 29, 2014.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record