UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD E. DREW and
ROLENA C. DREW,
*as husband and wife*,

    Plaintiffs,

v.                                          CASE NO.  8:14-cv-369-T-26TGW

OCWEN LOAN SERVICING, LLC,
*a foreign LLC,*

    Defendant.
_____/

## O R D E R

The parties have filed cross-motions for partial summary judgment.  In doing so, they have inundated this Court with almost 1,700 pages of written submissions in support of their respective positions that they are entitled to judgment as a matter of law with regard to certain critical issues.  Although the Court has obviously not had an opportunity to wade through this massive amount of paper submissions to verify the accuracy and correctness of the parties' representations as to what they perceive to be the undisputed material facts of the case warranting partial judgment in their favor, it is abundantly clear from even a cursory review of those representations that there are indeed disputed material facts with regard to some issues such as, for example, the number of calls made and whether the subject loan at issue was a consumer debt as opposed to a debt incurred

for investment purposes. Furthermore, to delve into this massive amount of written submissions in an effort to glean what is and what is not undisputed would require an inordinate expenditure of time and effort by this Court and its staff, more so than if the Court simply put this case to a jury to resolve.

The Court concludes, therefore, consistent with established Supreme Court and Eleventh Circuit precedent, that the better course of action in this case is to proceed to a full trial on the merits. See United States v. Real and Personal Prop. Belonging to Hayes, 943 F.2d 1292, 1297 (11th Cir. 1991) (stating that "[a] trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case will benefit from a full hearing" (citation omitted) and further recognizing that "[t]rial courts 'may deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)); see also Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1285 (11th Cir. 2001). Having arrived at this conclusion, however, the parties should be well aware that the mere fact that the Court has exercised its discretion in denying partial summary judgment does not mean either of them will not prevail following a motion for judgment as a matter of law submitted at the appropriate time of trial pursuant to Rule 50 of the Federal Rules of Civil Procedure. See Able v. Duberly, 210 F.3d 1334, 1337 (11th Cir. 2000).

**ACCORDINGLY**, the Plaintiffs' Motion for Partial Summary Judgment (Dkt. 40) and the Defendant's Motion for Partial Summary Judgment (Dkt. 38) are **denied**.

**DONE AND ORDERED** at Tampa, Florida, on May 20, 2015

        s/ *Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**CONFORMED COPIES TO**</u>:
Counsel of Record