IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RICHARD E. DREW, and<br>ROLENA C. DREW, as husband<br>and wife<br><br>    Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§  CASE NO.: 8:14-cv-00369-RAL-TGW<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S MOTION TO RECONSIDER ITS MAY 18, 2015 MOTION FOR PARTIAL SUMMARY JUDGMENT [DE 38]

Pursuant to Federal Rule of Civil Procedure 59, Defendant OCWEN LOAN SERVICING, LLC ("Ocwen") moves this Court to reconsider Ocwen's May 18 Motion for Partial Summary Judgment and in support thereof states:

### I.     INTRODUCTION

Ocwen filed its Motion for Partial Summary Judgment on May 18, 2015.  It consisted of eleven pages of argument with six pages of undisputed facts, totaling seventeen pages of total reading.  The motion was also supported by roughly five hundred and thirty pages of exhibits evidencing the salient facts for the motion.  Each fact referenced in the motion was pincited to the exact page, and often to the exact line, of the supporting exhibit(s).  By using the provided pincites, the Court's attention was directed to the precise location in the record for each factual assertion.  Consequently, there was no need to review all five hundred and thirty pages of exhibits.

1

Ocwen sought judgment in its favor regarding counts two, three, four, and five of Plaintiff's Complaint. Notably, Ocwen was not seeking judgment regarding Plaintiff's TCPA claim. As such, any material facts still in dispute regarding Plaintiff's count one were, and are, irrelevant with respect to Ocwen's Motion for Partial Summary Judgment.

Plaintiff also filed her Motion for Partial Summary Judgment on May 18, 2005. Though it was nearly three times as long as Ocwen's motion, it was still only thirty-one pages, plus fifteen pages of undisputed facts. And again, while Plaintiff's motion was purportedly supported by hundreds of pages of evidentiary support, pincites were used, and the Court's attention was directed to specific pages and lines.

Two days later, on May 20, the Court denied both motions. The Court justified the denial of both motions on two grounds. First, the Court implied that the given the "inundation" of "almost 1,700 pages of written submissions," "the better course of action in this case is to proceed to a full trial on the merits." May 20, 2015 Order. Second, after only a "cursory review" of the motions, and before thoroughly reviewing the motions and pincited evidence, it was "abundantly clear" to the Court that there are still disputed material facts preventing even partial summary judgment. May 20, 2015 Order. The Court concluded that "the number of calls made and whether the subject loan at issue was a consumer debt as opposed to a debt incurred for investment purposes" are examples of material facts still in dispute. May 20, 2015 Order.

II.   **STANDARD FOR RECONSIDERATION**

Generally, "[t]he courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Motions to reconsider are also appropriate "when the court

has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).

Regarding Ocwen's eleven page motion with pincites and six pages of facts, "[a]t the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004). And while the Order does not directly raise this issue, it is worth noting that "the Rule 56 standard is not affected by the filing of cross motions for summary judgment: 'The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Scottsdale Ins. Co. v. Cutz, LLC*, 543 F. Supp. 2d 1310, 1313-14 (S.D. Fla. 2007) (quoting 10A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 (3d ed.1998)).

### III.   ANALYSIS

#### a.   There Is "New" Evidence Which The Court Should Consider.

The Court should reconsider Ocwen's Motion for Partial Summary Judgment based on new, or at least additional, evidence not yet considered. Reconsideration is appropriate if new evidence is discovered. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Additionally, to avoid issues like the immediate one, the Eleventh Circuit requires district courts to "review all of the evidentiary materials submitted in support of motion[s] for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).

Here, the Court admits to have not reviewed all the evidence cited in Ocwen's motion. Since the Court has only had the opportunity to do a cursory review of the record, many critical facts are newly discovered, at least from the Court's vantage point. An unknown number of facts are new, or at least new to the Court. A review of these "new" facts will affect the Court's understanding of the case, and will, at a minimum, allow the Court to make an informed ruling on the merits of Ocwen's Motion for Partial Summary Judgment and will comply with the Eleventh Circuit's requirement of a complete review. Therefore, in light of the "new" evidence, the Court should reconsider Ocwen's motion.

    b. **Clear error**

        i. **The Court Clearly Erred In Only Doing A Cursory Review Of The Record.**

The Court should reconsider Ocwen's Motion for Partial Summary Judgment because the Court clearly erred in refusing to consider the merits of Ocwen's motion and supporting evidence. While there may have been some 1,700 pages filed in conjunction with the parties' two motions, the Court did not need to "wade through this massive amount of paper." Ocwen's motion was only eleven pages, and each fact contained a pincite to the precise location of evidentiary support. Therefore, this clear error alone should warrant the reconsideration of Ocwen's motion, as would the Court's clear error in disregarding *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*

        ii. **The Court Clearly Erred In Calling The Number Of Calls A Material Fact Affecting Ocwen's Motion And In Confusing Questions Of Law With Questions Of Fact.**

The Court also clearly erred regarding the disputed "material facts" which purportedly preclude partial summary judgment, so Ocwen's motion should be reconsidered. In the May 20,

4

2015 Order, the Court used (1) the number of calls made and (2) whether the subject debt was consumer in nature as examples of disputed material facts.

Ocwen did not move for summary judgment regarding Plaintiff's TCPA claim. Therefore, the only possible claim addressed in Ocwen's motion that is affected by the *number* of calls is Plaintiff's intentional infliction of emotional distress ("IIED") count. However, even regarding the IIED count, the *number* of calls is not material. Ocwen's undersigned counsel is unaware of any support whatsoever for the notion that numerous debt collection calls, alone, could ever be sufficiently outrageous for a finding of IIED. And since there is no other evidence whatsoever that might rise the required level of outrageousness for showing IIED in this case, the Court should reconsider Ocwen's motion. Put differently, since the *number* of calls is not material to Ocwen's motion, the remaining dispute does not preclude summary judgment. Moreover, whether or not conduct is sufficiently outrageous to prevail on an IIED count is a matter of law to be determined by the Court – not the jury. *See e.g., Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 279 (Fla. 1985). "[L]ooking at the facts in the light most favorable to [Plaintiff], the facts as a *matter of law* are not 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'" *Id.* (emphasis added).

The Court also suggests that the nature of the underlying debt is a material fact still in dispute. While the nature of the debt is disputed, it is not a *question of fact*. *See Davis v. Hollins Law,* 25 F. Supp. 3d 1292, 1303 (E.D. Cal. 2014); *Bergs v. Hoover, Bax & Slovacek, L.L.P.*, No. CIV.A.3:01-CV-1572-L, 2003 WL 22255679, at *3 (N.D. Tex. Sept. 24, 2003) (abrogated by Kaltenbach v. Richards, 464 F.3d 524 (5th Cir. 2006) on other grounds); *See also In re Westberry*, 215 F.3d 589, 593 (6th Cir. 2000) (n.4).

The nature of the debt is a *question of law*. *Id*. While there is an ongoing dispute regarding this question of law, the dispute is not one that precludes partial summary judgment. Moreover, it is not a question that would ever be properly submitted to a jury for resolution. Therefore, the Court should reconsider Ocwen's Motion for Partial Summary Judgment.

    **c. In Exposing The Jury To Evidence Potentially Relevant To Plaintiff's Claim For IIED, The Court Exposes Ocwen To Manifest Injustice Regarding Its Defense Under The TCPA.**

When a court's order might lead to manifest injustice, reconsideration is warranted. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). After a cursory review of Ocwen's motion, the Court concluded the jury is better suited to determine which of Plaintiff's claims are supported by the evidence. Of course, in order for the jury to do so, it will get to consider any evidence that is relevant, not unduly prejudicial, and otherwise admissible *regarding any/all of Plaintiff's claims*. So while Plaintiff's troubled medical history, job stability, marital struggles, and emotional state might be admissible regarding a claim for IIED, *it would not be admissible regarding a claim for liability under the TCPA*.

Plaintiff's claim for IIED, for example, is simply not supported by the undisputed facts of the case. Once the Court considers the limited evidence offered in support of Plaintiff's IIED claim, it is extremely unlikely it will allow Plaintiff to continue litigating that count. Manifest injustice will occur regarding Ocwen's TCPA defense if that conclusion is reached only after the jury is exposed to the evidence offered in an attempt to support a claim for IIED. While the Court would surely instruct the jury to disregard any evidence concerning Plaintiff's medical history, marital tension, emotional struggles, and/or job instability, it would be a bell not able to be un-rung. As such, Ocwen would be exposed to great risk of manifest injustice, so the Court should reconsider Ocwen's motion.

6

### IV. CONCLUSION

The Court should reconsider Ocwen's Motion for Partial Summary Judgment because "new" evidence will either change the Court's position or inform the Court's current position. Moreover, there is a need to correct clear error and to protect Ocwen from manifest injustice.

Dated:  June 17th, 2015.        MORRIS, LAING, EVANS, BROCK &
                                KENNEDY, CHTD.

                                s/ Masimba M. Mutamba
                                Masimba M. Mutamba, Esq. Florida Bar No. 102772
                                Jeremy W. Harris, Esq., Florida Bar No. 0041131
                                Email: mmutamba@morrislaing.com
                                505 S. Flagler Drive, Suite 400
                                West Palm Beach, FL 33401
                                Telephone:  (561) 795-6996
                                Facsimile:  (561) 584-6459
                                *Counsel for Defendant Ocwen Loan Servicing, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion was presented to the Clerk of Court for filing and uploading to the CM/ECF system of the 17th day of June 2015, which will electronically send to the person(s) who are electronically registered. I further certify that I emailed a true and correct copy of the foregoing to the persons as follows:

David P. Mitchell, Esq.
Maney & Gordon, P.A.
5402 Hoover Boulevard
Tampa, FL  33634
Telephone: (813) 221-1366
Fax: (813) 223-5920
Email:  david@mitchellconsumerlaw.com
        v.marrero@maneygordon.com
        d.mitchell@maneygordon.com

                                s/ Masimba M. Mutamba
                                Masimba M. Mutamba, Esq.