UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD E. DREW and ROLENA C.
DREW,

                                   CASE NO.:  8:14-CV-00369-RAL-TGW

        Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC.,

        Defendant.

_____/

### JOINT PROPOSED JURY INSTRUCTIONS

      Plaintiffs, RICHARD E. DREW and ROLENA C. DREW, and Defendant, OCWEN

LOAN SERVICING, LLC, by and through undersigned counsel, hereby submit their Proposed

Jury Instructions.

**INTENTIONALLY LEFT BLANK**

**PROCEED TO NEXT PAGE**

## <u>GENERAL PRELIMINARY INSTRUCTION</u>

### (11th Pattern Instruction No. 1.1)

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

1.    First, Plaintiffs allege violations of the Telephone Collection Practices Act ("TCPA") for placing unauthorized calls to Rolena Drew's cellular telephone.  Defendant contest the number of calls Mrs. Drew claims to have received;

2.    Second, Plaintiffs allege violations the Florida Consumer Collection Practices Act ("FCCPA") for improper debt collection practices.  Defendant maintains the subject debt was not consumer in nature, so the FCCPA cannot apply, and even if it did, it is not liable under the Act;

3.      Third, Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA") for improper debt collection practices.  Defendant maintains the subject debt was not consumer in nature, so the FDCPA cannot apply, and even if it did, it is not liable under the act;

4.      Fourth, Plaintiffs allege that Defendant reported false information to the Credit Reporting Agencies concerning Plaintiffs which was defamatory in nature. .  Defendant maintains that federal law preempts Florida's state law, which is to say Florida's law doesn't apply to this case; and,

5.      Fifth, and lastly, Plaintiffs allege that Defendant engaged in extreme and outrageous conduct that caused Plaintiff Rolena Drew to sustain severe emotional distress.  Defendant maintains the nature of its actions did not rise to the requisite level of outrageousness to support this claim, and even if it did, it is not liable for this claim.

Burden of proof:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendant on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendant has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendant must prove for any affirmative defense. After considering all the evidence, if you decide that Defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case or the parties, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you

base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs questions the witness, Defendant may ask the witness questions – this is called "cross-examining" the witness. Then Defendant will present [his/her/its] witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

REFERENCE:

Eleventh Circuit Patten Instruction 1.1

**PROPOSED JURY INSTRUCTION NO. 1**

**(11th Circuit Pattern Instruction No. 3.1)**

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes

called deliberations.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

11th Circuit Pattern Instruction No. 3.1

## PROPOSED JURY INSTRUCTION NO. 2

## (11th Circuit Pattern Instruction No. 3.2.2)

## THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

11th Circuit Pattern Instruction No. 3.2.2

## PROPOSED JURY INSTRUCTION NO. 3

### (11th Circuit Pattern Instruction No. 3.3)

### CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:
11th Circuit Pattern Instruction No. 3.3

**PROPOSED JURY INSTRUCTION NO. 4**

**(11ᵗʰ Circuit Pattern Instruction No. 3.4)**

<u>**CREDIBILITY OF WITNESSES**</u>

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. To decide whether you believe any witness, I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness' testimony differ from other testimony or other evidence?


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:
11ᵗʰ Circuit Pattern Instruction No. 3.4

## PROPOSED JURY INSTRUCTION NO. 5

### (11th Circuit Pattern Instruction No. 3.5.1)

### IMPEACHMENT OF WITNESSES
### BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

11th Circuit Pattern Instruction No. 3.5.1

## PROPOSED JURY INSTRUCTION NO. 6
### (11th Pattern Instruction No. 3.7.1)

## <u>RESPONSIBILITY FOR PROOF—PLAINTIFFS' CLAIMS---PREPONDERANCE OF THE EVIDENCE</u>

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN
REFERENCE:

11th Pattern Instruction No. 3.7.1

## PROPOSED JURY INSTRUCTION NO. 7

### (11th Circuit Pattern Instruction No. 3.6.2)

### EXPERT WITNESS - WHEN EXPERT FEES REPRESENT
### A SIGNIFICANT PORTION OF THE WITNESS'S INCOME

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

11th Circuit Pattern Instruction No. 3.6.2

**PROPOSED JURY INSTRUCTION NO. 8**

**(11th Circuit Pattern Instruction No. 3.7.2)**

<u>**RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE
PREPONDERANCE OF THE EVIDENCE**</u>

In this case, OCWEN asserts certain affirmative defenses.  Even if Plaintiffs prove their claims by a preponderance of the evidence, OCWEN can prevail on those claims if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that OCWEN does not have to disprove Plaintiffs' claims, but if OCWEN raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

11th Circuit Pattern Instruction No. 3.7.2

**PROPOSED JURY INSTRUCTION NO. 9**

**(11th Circuit Pattern Instruction No. 3.8.1)**

**<u>DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES</u>**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

11th Circuit Pattern Instruction No. 3.8.1

### *PLAINTIFFS'* PROPOSED JURY INSTRUCTION NO. 10

### SUMMARY OF THE ALLEGATIONS AND DEFENSES

In this case, the Plaintiffs Richard and Rolena Drew seek statutory and actual damages against the Defendant OCWEN for alleged violations of three federal statutes entitled the Fair Debt Collection Practices Act, (commonly referred to as the "FDCPA"), Florida's Consumer Collection Practices Act, (commonly referred to as the "FCCPA"), and the Telephone Consumer Protection Act, (commonly referred to as the "TCPA"), as well damages for claims arising under Florida common law, known as "Intentional Infliction of Emotional Distress" and "Slander of Credit," all of which arise out of OCWEN's efforts to collect a debt that had previously been discharged in Bankruptcy. Defendant denies the allegations of liability and damages under these statutes and common law, and has asserted certain defenses that I will explain to you.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

Not applicable.

### *DEFENDANT'S* PROPOSED JURY INSTRUCTION NO. 10

### <u>SUMMARY OF THE ALLEGATIONS AND DEFENSES</u>

In this case, the Plaintiffs Richard and Rolena Drew seek statutory and actual damages against the Defendant OCWEN for alleged violations of three federal statutes entitled the Fair Debt Collection Practices Act, (commonly referred to as the "FDCPA"), Florida's Consumer Collection Practices Act, (commonly referred to as the "FCCPA"), and the Telephone Consumer Protection Act, (commonly referred to as the "TCPA"), as well damages for violations of Florida common law known as "Intentional Infliction of Emotional Distress" and "Slander of Credit," all of which arise out of OCWEN's efforts to contact Plaintiffs concerning the alleged debt. Defendant denies the allegations of liability and damages under these statutes and common law, and has asserted certain defenses that I will explain to you.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Not applicable.

## PROPOSED JURY INSTRUCTION NO. 11

## **TELEPHONE CONSUMER PROTECTION ACT**

The Plaintiffs have brought an action against OCWEN for violation of the Telephone Consumer Protection Act of 1991, which for convenience I may refer to as the TCPA. Plaintiffs claim that OCWEN violated the TCPA by making telephone calls to Plaintiff Rolena Drew's cellular telephone number using an "automated telephone dialing system" and/or using an artificial or prerecorded voice message without her prior express consent.

The TCPA provides, in relevant part:

(1)  It shall be unlawful for any person within the United States, or any person outside of the United States if the recipient is within the United States ---

(A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

(iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any other service for which the called party is charged for the call.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

47 U.S.C. § 227(b)(1)(A)(iii).

## PROPOSED JURY INSTRUCTION NO. 12

## TCPA – AUTOMATIC TELEPHONE DIALING SYSTEM

The term "automatic telephone dialing system" means equipment which has the capacity -

(A) to store or produce telephone numbers to be called, using a random or sequential number

generator; and (B) to dial such numbers; and/or which has the capacity to dial numbers from a list

without human intervention.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

47 U.S.C. § 227(a)(1); In re Rules & Regulations Implementing the TCPA, 18 FCC Rcd. 14014, 14091–93 (FCC 2003) ("2003 FCC Order"); In the Matter of Rules & Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 556 ¶ 12 (Jan. 4, 2008) ("2008 FCC Order"); In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 15391, 15399 n.5 (2012) ("2012 FCC Order"); In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶¶ 10, 12-15, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order"); Mais v. GulfCoast Collection Bureau, Inc., 768 F.3d 1110, 1121 (11th Cir. 2014).

## PROPOSED JURY INSTRUCTION NO. 13

## TELEPHONE CONSUMER PRACTICES ACT - DAMAGES

If you find the Defendant, OCWEN, violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA, then the Defendant, OCWEN, shall be liable for statutory damages, and you should determine the number of times Defendant OCWEN violated the TCPA.

If you find that the Defendant, OCWEN, violated the TCPA, then you should also determine whether OCWEN willfully or knowingly violated the TCPA by making calls to Plaintiff ROLENA DREW's cellular telephone number with knowledge that the calls were placed using an automated telephone dialing system and with knowledge that the calls were placed without Plaintiff's prior express consent or after Plaintiff revoked, terminated or withdrew consent.

If you find that Defendant, OCWEN, willfully or knowingly violated the TCPA, then you should determine the number of times OCWEN made such calls that willfully or knowingly violated the TCPA.

The Court will thereafter determine the amount of damages, if any, awardable to Plaintiff.

Authorities:  47 U.S.C. § 227 (b)(3).

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1107 (11th Cir. 2015)

**PROPOSED JURY INSTRUCTION NO. 14**

**THE FDCPA AND FCCPA DEFINES "CONSUMER"**

The FDCPA and FCCPA define "consumer" as any natural person obligated or allegedly

obligated to pay any debt.


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

15 U.S.C. §1692a(3); Fla. Stat. 559.55(2); Edwards v. Niagara Credit Solutions, Inc., 584 F.3d
1350, 1351 (11th Cir. 2009); Condon v. Global Credit & Collection Corp., 2010 WL 5071014
(M.D. Fla. Dec. 7, 2010); Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994).

## PROPOSED JURY INSTRUCTION NO. 15

## THE FDCPA AND FCCPA DEFINES "CONSUMER DEBT"

The FDCPA and FCCPA define a "consumer debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

15 U.S.C. §§ 1692a, 1692a(5); Fla. Stat. 559.55(1); Oppenheim v. I.C. System, Inc., 627 F.3d 833, 837-38 (11th Cir. 2010); Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994).

## PROPOSED JURY INSTRUCTION NO. 16

## <u>THE FDCPA DEFINES "DEBT COLLECTOR"</u>

The FDCPA defines "debt collector" as:

Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

The term does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:
15 U.S.C. §§ 1692a

**PROPOSED INSTRUCTION NO. 17**

**FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiffs allege that OCWEN violated the federal Fair Debt Collection Practices Act in nine ways.  However, before you consider Plaintiff's FDCPA allegations, you must first determine whether the subject debt was a consumer debt and whether Ocwen was acting as a debt collector. If you determine the subject debt was primarily for personal, family, or household purposes, and that Ocwen was acting as a debt collector, then you must consider Plaintiffs substantive allegations.  If you determine the subject debt was not primarily for personal, family, or household purposes, and/or that Ocwen was not acting as a debt collector, you must not consider Plaintiffs substantive allegations. The substantive allegations are as follows:

First, Plaintiffs allege that OCWEN communicated with the Plaintiffs in an attempt to collect a debt while having knowledge that the Plaintiffs were represented by an attorney with respect to such a debt, in violation of 15 U.S.C. §1692c(a)(2). Second, Plaintiffs allege that OCWEN engaged in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiffs, in violation of 15 U.S.C. §1692d. Third, Plaintiffs allege that OCWEN violated the FDCPA by causing Plaintiff Rolena Drew's cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass her, in violation of 15 U.S.C. §1692d(5). Fourth, Plaintiffs allege that OCWEN made telephone calls to Plaintiff Rolena Drew without making meaningful disclosure of its identity in the telephone messages in violation of 15 U.S.C §1692d(6). Fifth, Plaintiffs allege that OCWEN violated the FDCPA by falsely representing the character, amount or legal status of the alleged debt it sought to collect, in violation of 15 U.S.C. §1692e(2)(A). Sixth, Plaintiffs allege that OCWEN violated the FDCPA by communicating credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15

U.S.C. §1692e(8). Seventh, Plaintiffs allege that OCWEN violated the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiffs or to obtain information concerning Plaintiffs, in violation of 15 U.S.C. §1692e(10). [Eighth, Plaintiffs allege that OCWEN violated the FDCPA by calling Plaintiffs Rolena Drew's cellular telephone number and hanging up prior to or as soon as the Plaintiffs or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector, in violation of 15 U.S.C. §1692e(11)[1].] **OR** [Eighth, Plaintiffs allege that Ocwen violated the FDCPA by calling Plaintiff Rolena Drew's cellular telephone number and failed to disclose that the communication was from a debt collector in violation of 15 U.S.C. §1692e(11).[2]] Ninth, Plaintiffs allege that OCWEN violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiffs, in violation of 15 U.S.C. §1692f.

Defendant denies the allegations of liability under the FDCPA and asserts that it is entitled to the "bona fide error" defense. Moreover, Defendant asserts the subject debt was not consumer in nature and, therefore, Plaintiffs cannot prevail under the FDCPA.

If you find that Plaintiffs have proven these allegations by the preponderance of the evidence, you should next consider whether OCWEN is entitled to the bona fide error defense. Regarding the bona fide error defense, OCWEN has the burden of proof to prove all elements of the defense by the preponderance of the evidence.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED

---

[1] Plaintiffs' proposed language
[2] Defendant's proposed language

_____ WITHDRAWN


REFERENCE:

15 U.S.C.A. § 1692a(5)

Fla. Stat. § 559.55(1)

**PROPOSED INSTRUCTION NO. 18**

**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

Plaintiffs allege that OCWEN violated the Florida Consumer Collection Practices Act in five ways. However, before you consider Plaintiff's FCCPA allegations, you must first determine whether the subject debt was a consumer debt. If you determine the subject debt was primarily for personal, family, or household purposes, you must consider Plaintiffs substantive allegations. If you determine the subject debt was not primarily for personal, family, or household purposes, you must not consider Plaintiffs substantive allegations. They substantive allegations are as follows

First, Plaintiffs allege that OCWEN violated the FCCPA by disclosing to a person other than the Plaintiffs or their family information affecting the Plaintiffs' reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false, in violation of Fla. Stat. § 559.72(5). Second, Plaintiffs allege that OCWEN violated the FCCPA by willfully communicating with Plaintiffs with such frequency as can reasonably be expected to harass the Plaintiffs, in violation of Fla. Stat. § 559.72(7). Third, Plaintiffs allege that OCWEN violated the FCCPA by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiffs, in violation of Fla. Stat. § 559.72(7). Fourth, Plaintiffs allege that OCWEN violated the FCCPA by attempting to enforce a debt that OCWEN knew was not legitimate, or asserting the existence of some other legal right when OCWEN knew that the right does not exist, in violation of Fla. Stat. § 559.72(9). Fifth, Plaintiffs allege that OCWEN violated the FCCPA by attempting to collect a debt from Plaintiffs while having knowledge that Plaintiffs were represented by counsel and that such counsel's name and address was readily ascertainable by Ocwen, in violation of Fla. Stat. § 559.72(18).

Defendant denies the allegations of liability under the FCCPA and asserts that it is entitled to the "bona fide error" defense.  Moreover, Defendant asserts the subject debt was not consumer in nature and, therefore, Plaintiffs cannot prevail under the FCCPA.

If you find that Plaintiffs have proven these allegations by the preponderance of the evidence, you should next consider whether OCWEN is entitled to the bona fide error defense under the FCCPA. Regarding the bona fide error defense, OCWEN has the burden of proof to prove all elements of the defense by the preponderance of the evidence.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

15 U.S.C.A. § 1692a(5)

Fla. Stat. § 559.55(1)

**PROPOSED JURY INSTRUCTION NO. 19**

**BONA FIDE ERROR DEFENSE**
**EFFECT OF UNINTENTIONAL VIOLATION OF FDCPA AND FCCPA**

You are further instructed that even if you find that OCWEN has violated the FDCPA

and/or FCCPA, OCWEN may not be held liable for damages under the provisions of the FDCPA

and FCCPA if OCWEN has shown that the violation (1) was not intentional; (2) was a bona fide

error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any

such error.


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

15 U.S.C. § 1692k; Fla. Stat. 559.77(3); Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352-53 (11th Cir.2009).

**PROPOSED JURY INSTRUCTION NO. 20**

**BONA FIDE ERROR DEFENSE - NOT INTENTIONAL/UNINTENTIONAL**

In order to establish that its conduct is unintentional under the bona fide error defense, a person need only show that its violation of the FDCPA and FCCPA was unintentional, not that its actions were unintentional.  However, the required procedures must be reasonably adapted to avoid the specific error at issue.


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

 Bacelli v. MFP, Inc., 729 F. Supp. 2d 1328, 1332 (M.D. Fla. 2010); Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1353 (11th Cir. 2009); Kort v. Diversified Collection Services, Inc., 394 F.3d 530, 537 (7th Cir. 2005); Johnson v. Riddle, 443 F.3d 723, 729 (10th Cir.2006).

## PROPOSED JURY INSTRUCTION NO. 21

## <u>BONA FIDE ERROR DEFENSE - DEFINITION OF REASONABLE PROCEDURES</u>

The word "reasonable" as applied to the term "procedures" in the Fair Debt Collection

Practices Act bona fide error defense does not mean state of the art or perfect - which is to say, at

the technological frontier.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

<u>Tucker v. CBE Grp., Inc.</u>, 710 F. Supp. 2d 1301, 1306 (M.D. Fla. 2010); <u>Rhinehart v. CBE Grp., Inc.</u>, 714 F. Supp. 2d 1183, 1185 (M.D. Fla. 2010); <u>Ross v. RJM Acquisitions Funding LLC</u>, 480 F.3d 493, 498 (7th Cir. 2007); <u>Jenkins v. Heinz</u>, 124 F.3d 824, 834 (7th Cir. 1997).

**PROPOSED JURY INSTRUCTION NO. 22**

**STATUTORY DAMAGES UNDER THE FDCPA AND FCCPA**

In the event you find that OCWEN has violated the FDCPA and FCCPA, you shall award statutory damages in an amount not to exceed $1,000 under the FDCPA and up to $1,000 under the FCCPA.  In determining the amount of statutory damages to be awarded, whether $1.00 or up to and including $1,000, the FDCPA and FCCPA provide that you shall consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

15 U.S.C. §1692k(b)(1); Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893 (7th Cir.1998); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

## PROPOSED JURY INSTRUCTION NO. 23

## ACTUAL DAMAGES UNDER THE FDCPA AND FCCPA

If you find in favor of Plaintiffs under the FDCPA or FCCPA, you will have to determine whether Plaintiffs suffered actual damages, if any. Plaintiffs have the burden of proving actual damages by a preponderance of the evidence, and it is for you to determine what actual damages, if any, have been proven.

In your consideration of actual damages, you may consider factors such as emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life sustained by the Plaintiffs, if any. In determining whether Plaintiffs have sustained actual damages for emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life you may rely on the testimony of Plaintiffs and other lay witnesses.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

15 U.S.C. §1692k; Fla. Stat. § 559.77; McLean v. GMAC Mortgage Corp., 595 F. Supp. 2d 1360 (S.D. Fla. 2009) aff'd, 398 F. App'x 467 (11th Cir. 2010); In Re Hart, 246 B.R. 709, 732 (Bankr.D.Mass.2000); Wood v. GC Servs., LP, 2012 WL 995207 (M.D. Fla. Mar. 23, 2012).

**PROPOSED JURY INSTRUCTION NO. 24**

**(Florida Standard Jury Instruction 405.2)**

<u>**SUMMARY OF CLAIMS AND CONTENTIONS – SLANDER OF CREDIT**</u>

The claims and defenses in this count are as follows. Plaintiffs claim that OCWEN reported false statements about them which caused them harm. Plaintiffs claim that:

(1) OCWEN reported to the Consumer Reporting Agencies that Plaintiffs owed a debt in the amount of $92,672.31, and that Plaintiffs were severely delinquent in paying the debt, resulting in the same being reflected on Plaintiffs' credit reports;

(2) The above described reports to the Consumer Reporting Agencies by OCWEN were false, because Plaintiffs did not owe the debt reported by OCWEN;

(3) In making these reports to the Consumer Reporting Agencies, OCWEN knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity;

(4) As a direct result of the false credit reports by OCWEN, Plaintiffs' credit scores and credit worthiness have been impaired; and

(5) As a direct and proximate result of the above described false credit reports by OCWEN, Plaintiffs have suffered losses and damages.

OCWEN denies the claim, asserting that any statements made were regarding Plaintiffs credit, and, therefore, Florida law concerning defamation is preempted by federal law.  That is to say, in this particular case, Plaintiffs don't have the right to sue under Florida law for defamation.

The parties must prove all claims and defenses in this count by the greater weight of the evidence. I will now define some of the terms you will use in deciding this count.


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCES:

15 UCSA § 1681t(b)(1)(F); *Carruthers v. American Honda Finance Corp.*, 717 F.Supp.2d 1251, 1254 (N.D. Fl. 2010); *Pieta v. USAA Grp.*, No. 3:13CV322/MCR/EMT, 2013 WL 3810891, at *3 (N.D. Fla. July 22, 2013); *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002) *Green v. Capital One Bank (USA), N.A.*, No. 8:14-CV-1950-T-30MAP, 2015 WL 419300, at *2 (M.D. Fla. Feb. 2, 2015); *Hillerson v. Green Tree Servicing, LLC*, No. 8:14-CV-1038-T-23MAP, 2014 WL 5439593, at *2 (M.D. Fla. Oct. 24, 2014)

Florida Standard Jury Instructions 405.9

## PROPOSED JURY INSTRUCTION NO. 25
### (Florida Standard Jury Instruction 405.3)

## <u>GREATER WEIGHT OF THE EVIDENCE – SLANDER OF CREDIT</u>

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 405.3

**PROPOSED JURY INSTRUCTION NO. 26**
**(Florida Standard Jury Instruction 405.6)**

**LEGAL CAUSE – SLANDER OF CREDIT**

*a.      Legal cause generally:*

A statement or publication is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the statement or publication, the loss, injury or damage would not have occurred.

*b.      Concurring cause:*

In order to be regarded as a legal cause of loss, injury or damage a statement or publication need not be the only cause. A statement or publication may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause, if the statement or publication contributes substantially to producing such loss, injury or damage.

*c.      Intervening cause:*

statement or publication may also be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause, occurring after the statement or publication occurs if such other cause was itself reasonably foreseeable and the statement or publication contributes substantially to producing such loss, injury or damage, or the resulting loss, injury or damage was a reasonably foreseeable consequence of the statement or publication and the statement or publication contributes substantially to producing it.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 405.6

**PROPOSED JURY INSTRUCTION NO. 27**
**(Florida Standard Jury Instruction 405.9)**

<u>ISSUES ON PLAINTIFF'S CLAIM</u>
<u>PRIVATE CLAIMANT, NON-MEDIA DEFENDANT – SLANDER OF CREDIT</u>

The issues for you to decide on the claim of Plaintiffs against OCWEN are:

a.     *Issue whether the FCRA preempts Florida's slander of credit law:*

You must determine if the statement made by Ocwen concerned Ocwen's duty to accurately report credit information and to investigate claims of inaccurate reporting.  If the statement <u>did not</u> concern such responsibilities, you must consider Plaintiffs' additional assertions.

If you determine the statement made by Ocwen did concern credit reporting and/or investigations of claims of inaccurate reporting, you must find in favor of Defendant on the slander of credit claim.

b.     *Issue whether a defamatory publication concerning claimant was made as claimed:*

Whether OCWEN reported adverse information to the Consumer Reporting Agencies concerning Plaintiffs that was false, and if so, whether in making these reports to the Consumer Reporting Agencies, OCWEN knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity, and if so, whether as a result of these reports, Plaintiffs sustained damages.

If the greater weight of the evidence does not support Plaintiffs' claim on these issues, then your verdict should be for OCWEN. However, if the greater weight of the evidence supports Plaintiffs' claim on these issues, then your verdict should be for Plaintiffs in the total amount of their damages.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCES:

15 UCSA § 1681t(b)(1)(F); *Carruthers v. American Honda Finance Corp.*, 717 F.Supp.2d 1251, 1254 (N.D. Fl. 2010); *Pieta v. USAA Grp.*, No. 3:13CV322/MCR/EMT, 2013 WL 3810891, at *3 (N.D. Fla. July 22, 2013); *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002)

*Green v. Capital One Bank (USA), N.A.*, No. 8:14-CV-1950-T-30MAP, 2015 WL 419300, at *2 (M.D. Fla. Feb. 2, 2015); *Hillerson v. Green Tree Servicing, LLC*, No. 8:14-CV-1038-T-23MAP, 2014 WL 5439593, at *2 (M.D. Fla. Oct. 24, 2014)

Florida Standard Jury Instructions 405.9

**PROPOSED JURY INSTRUCTION NO. 28**
**(Florida Standard Jury Instruction 405.10)**

<u>**DEFAMATION DAMAGES – SLANDER OF CREDIT**</u>

If you find for OCWEN, you will not consider the matter of damages. But, if you find for Plaintiffs, you should award Plaintiffs an amount of money that will fairly and adequately compensate Plaintiffs for such loss, injury or damage as the greater weight of the evidence shows was caused by the statement or publication in question. You shall consider the following elements of damage:

a.      *Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings:*

Any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

b.      *Aggravation or activation of disease or physical defect:*

Any aggravation of an existing disease or physical defect, or activation of any such latent condition, resulting from such statement or publication. If you find that there was such an aggravation, you should determine, if you can, what portion of Plaintiffs' condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the statement or publication, you should consider and make allowance in your verdict for the entire condition.

c.      *Medical expenses:*

The reasonable value or expense of medical care and treatment necessarily or reasonably obtained by Plaintiffs in the past or to be so obtained in the future.

e.      *Economic Damages*

Any economic damages sustained by Plaintiffs as a result of the statement or publication in question, including damages resulting from any inability to obtain financing.

*Reduction to present value:*

Any amounts which you allow in damages for [loss of ability to earn money in the future] [or] [(describe any other future economic loss subject to reduction to present value)] should be reduced to their present money value [and only the present money value of such amounts should be included in your verdict] [and you should state in the verdict form provided to you both the total of such future damages and their present value].

*f.*     *Nominal damages:*

If you find for Plaintiffs but find that no loss, injury or damage has been proved, you should award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

Florida Standard Jury Instruction 405.10

**PROPOSED JURY INSTRUCTION NO. 29**

**(Florida Standard Jury Instruction 410.2)**

<u>**SUMMARY OF CLAIMS – IIED**</u>

      Plaintiffs claim that OCWEN acted extremely and outrageously in connection with its efforts to collect the alleged debt, which caused Plaintiff Rolena Drew to suffer severe emotional distress. OCWEN denies that claim. Ocwen does not deny making calls or otherwise servicing the loan, but does dispute the amount of calls and other assertions made by Plaintiffs.  Moreover, Ocwen denies that the calls had the effect on Rolena Drew that she alleges.

      The Plaintiffs must prove this claim by the greater weight of the evidence. I will now define some of the terms you will use in deciding this claim.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

Florida Standard Jury Instruction 410.2

**PROPOSED JURY INSTRUCTION NO. 30**
**(Florida Standard Jury Instruction 410.3)**

**<u>GREATER WEIGHT OF THE EVIDENCE - IIED</u>**

As a reminder, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 410.3

45

**PROPOSED JURY INSTRUCTION NO. 31**
**(Florida Standard Jury Instruction 410.4)**

<u>**EXTREME AND OUTRAGEOUS CONDUCT - IIED**</u>

Extreme and outrageous conduct is behavior, which, under the circumstances, goes beyond all possible bounds of decency and is regarded as shocking, atrocious, and utterly intolerable in a civilized community

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 410.4

**PROPOSED JURY INSTRUCTION NO. 32**
**(Florida Standard Jury Instruction 410.5)**

<u>**SEVERE EMOTIONAL DISTRESS - IIED**</u>

Emotional distress is severe when it is of such intensity or duration that no ordinary person should be expected to endure it.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 410.5

**PROPOSED JURY INSTRUCTION NO. 33**
**(Florida Standard Jury Instruction 410.6)**

**LEGAL CAUSE – IIED**

*a.*      *Legal cause generally:*

Extreme and outrageous conduct is a legal cause of severe emotional distress if it directly and in natural and continuous sequence produces or contributes substantially to producing such severe emotional distress, so that it can reasonably be said that, but for the extreme and outrageous conduct, the severe emotional distress would not have occurred.

*b.*      *Concurring cause:*

In order to be regarded as a legal cause of severe emotional distress extreme and outrageous conduct need not be the only cause. Extreme and outrageous conduct may be a legal cause of severe emotional distress even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the extreme and outrageous conduct contributes substantially to producing such severe emotional distress.

*c.*      *Intervening cause:*

Extreme and outrageous conduct may also be a legal cause of severe emotional distress even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the extreme and outrageous conduct occurs if [such other cause was itself reasonably foreseeable and the extreme and outrageous conduct contributes substantially to producing such severe emotional distress] [or] [the resulting severe emotional distress was a reasonably foreseeable consequence of the extreme and outrageous conduct and the extreme and outrageous conduct contributes substantially to producing it].


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

Florida Standard Jury Instruction 410.6

## PROPOSED JURY INSTRUCTION NO. 34
### (Florida Standard Jury Instruction 410.7)

### <u>ISSUES ON CLAIM – IIED</u>

The issues for you to decide on Plaintiffs' claim are:

Whether OCWEN engaged in extreme and outrageous conduct; and acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress; and, if so

Whether that extreme and outrageous conduct was a legal cause of severe emotional distress to Plaintiffs.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 410.7

**PROPOSED JURY INSTRUCTION NO. 35**
**(Florida Standard Jury Instruction 410.8)**

**<u>BURDEN OF PROOF ON CLAIM – IIED</u>**

If the greater weight of the evidence does not support Plaintiffs' claim, your verdict should be for OCWEN.

However, if the greater weight of the evidence supports Plaintiffs' claim, then your verdict should be for Plaintiffs' and against OCWEN.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 410.8

**PROPOSED JURY INSTRUCTION NO. 36**
**(Florida Standard Jury Instruction 501.1)**

<u>**DAMAGES: INTRODUCTION - IIED**</u>

*a.       When directed verdict is given on liability:*

You should award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate them for their loss, injury or damage, including any damage Plaintiffs are reasonably certain to incur or experience in the future. You shall consider the following elements:

*b.       All other cases:*

If your verdict is for OCWEN, you will not consider the matter of damages. But if the greater weight of the evidence supports Plaintiffs' claim, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows will fairly and adequately compensate them for their loss, injury or damage, including any damages that Plaintiffs are reasonably certain to incur or experience in the future. You shall consider the following elements:

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 501.1

**PROPOSED JURY INSTRUCTION NO. 37**
**(Florida Standard Jury Instruction 501.2)**

<u>**DAMAGES: ELEMENTS - IIED**</u>

*a.     Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:*

Any bodily injury sustained by Plaintiff Rolena Drew, and any resulting pain and suffering, emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

*b.     Medical expenses:*

*Care and treatment of claimant:*

The reasonable value or expense of medical care and treatment necessarily or reasonably obtained by Plaintiffs in the past or to be so obtained in the future.

*c.     Lost earnings, lost time, lost earning capacity:*

*When lost earnings or lost working time shown:*

Any earnings or working time lost in the past and any loss of ability to earn money in the future.

*When earnings or lost working time not shown:*

Any loss of ability to earn money sustained in the past [and any such loss in the future].


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

Florida Standard Jury Instruction 501.2

**PROPOSED JURY INSTRUCTION NO. 38**
**(Florida Standard Jury Instruction 501.5)**

<u>**OTHER CONTRIBUTING CAUSES OF DAMAGES - IIED**</u>

*a.*      *Aggravation or activation of disease or defect:*

If you find that OCWEN caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect, or activation of a latent disease or physical defect, you should attempt to decide what portion of Plaintiff Rolena Drew's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Plaintiff Rolena Drew.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Florida Standard Jury Instruction 501.5

**PROPOSED JURY INSTRUCTION NO. 39**
**(Florida Standard Jury Instruction 503.1)**

<u>**PUNITIVE DAMAGES — NON-BIFURCATED PROCEDURE**</u>

*a.     Punitive damages generally:*

There is an additional claim in this case that you must decide.  If you find for Plaintiffs and against OCWEN, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to OCWEN and as a deterrent to others.

*b(1).  Punitive damages for acts of an individual defendant:*

Punitive damages are warranted against OCWEN if you find by clear and convincing evidence that OCWEN was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss, injury or damage to Plaintiffs. Under those circumstances you may, in your discretion, award punitive damages against OCWEN. If clear and convincing evidence does not show such conduct by OCWEN, punitive damages are not warranted against OCWEN.

"Intentional misconduct" means that OCWEN had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to Plaintiffs and, despite that knowledge, it intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that OCWEN's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

*c.     Closing punitive damage instruction:*

If you decide that punitive damages that are warranted against OCWEN then you must decide the amount of punitive damages, if any, to be assessed as punishment against OCWEN and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(1).   the nature, extent and degree of misconduct and the related circumstances, including the following:

(A).   whether the wrongful conduct was motivated solely by unreasonable financial gain;

(B).   whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by OCWEN;

(C).   whether, at the time of loss, injury or damage, OCWEN had a specific intent to harm (claimant) and the conduct of OCWEN did in fact harm Plaintiffs, [and]

(2).   the financial resources of OCWEN; and

(3).   identify any other circumstance that the jury may consider in determining the amount of punitive damages.

You may in your discretion decline to assess punitive damages.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

Florida Standard Jury Instruction 503.1

**PROPOSED JURY INSTRUCTION NO. 40**
**(11th Circuit Pattern Instruction No. 3.9)**

**ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM[S]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain Verdict Form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

11th Circuit Pattern Instruction No. 3.9

# IN-TRIAL INSTRUCTIONS

## STIPULATIONS

**(11th Circuit Pattern Instruction No. 2.1)**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

11th Circuit Pattern Instruction No. 2.1

## USE OF DEPOSITIONS

**(11th Circuit Pattern Instruction No. 2.2)**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

11th Circuit Pattern Instruction No. 2.2

58

## **USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS**

### **(11th Circuit Pattern Instruction No. 2.3)**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

11th Circuit Pattern Instruction No. 2.3

## INTERIM STATEMENTS

### (11th Circuit Pattern Instruction No. 2.4)

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

11th Circuit Pattern Instruction No. 2.4

## JUDICIAL NOTICE

**(11th Circuit Pattern Instruction No. 2.5)**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

11th Circuit Pattern Instruction No. 2.5

## <u>USE OF INTERROGATORIES</u>

**(11th Circuit Pattern Instruction No. 2.6)**

[You'll now hear/You've heard] answers that [<u>name of party</u>] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [<u>name of party</u>] gave the answers in writing while under oath.

You must consider [<u>name of party</u>]'s answers to as though [<u>name of party</u>] gave the answers on the witness stand.

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN


REFERENCE:

11th Circuit Pattern Instruction No. 2.6

## <u>IN-TRIAL INSTRUCTIONS ON NEWS COVERAGE</u>

**(11th Circuit Pattern Instruction No. 2.7)**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

_____GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

REFERENCE:

Eleventh Circuit Patten Instruction 2.7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September, 2015, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will serve a copy upon all CM/ECF

participants.

*s/David P. Mitchell*
David P. Mitchell, Esquire
Florida Bar No.: 067249
MANEY & GORDON, P.A.
5402 Hoover Boulevard
Tampa, FL 33634
Tel.: (813) 888-6700
d.mitchell@maneygordon.com
david@mitchellconsumerlaw.com
v.marrero@maneygordon.com
Counsel for Plaintiff
