## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA FLORIDA

RICHARD E. DREW and ROLENA C. DREW,

       *Plaintiff,*

-vs-                            Case No.: 8:14-CV-00369-RAL-TGW

OCWEN LOAN SERVICING, LLC,

       *Defendant.*

_____/

## JOINT PROPOSED JURY VERDICT FORM

WE, THE JURY, return the following verdict:

### Count I – Violation of the Telephone Consumer Protection Act ("TCPA")

**Question 1**.    Did Defendant, OCWEN, place calls to Plaintiff ROLENA DREW's cellular telephone number using an automatic telephone dialing system or prerecorded voice without her prior express consent in violation of the TCPA?

YES _____

NO _____

If your answer to Question 1 is "Yes", please proceed to number Question 2. If your answer to Question 1 is "No," then proceed to Question 5.

**Question 2**. How many times did Defendant, OCWEN, place non-emergency telephone calls to Plaintiff ROLENA DREW's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent?

Number of calls placed _____

Proceed to Question 3

***PLAINTIFFS' PROPOSED*** **Question 3**. Did the Defendant, OCWEN, willfully or knowingly place non-emergency telephone calls to Plaintiff ROLENA DREW's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent?

YES _____

NO _____

If your answer is "YES", proceed to Number 4.  If your answer is "NO", proceed to Number 5.

***DEFENDANT'S PROPOSED*** **Question 3**. Did the Defendant, OCWEN,

(1) willfully or knowingly place non-emergency telephone calls to Plaintiff ROLENA DREW;
(2) willfully or knowing that it was her cellular telephone;
(3) willfully or knowingly using an automatic telephone dialing system or prerecorded or artificial voice; and
(4) willfully or knowing that such calls were being placed without Plaintiff's prior express consent?

YES _____

NO _____

If your answer is "YES", proceed to Number 4.  If your answer is "NO", proceed to Number 5.

**Question 4**. How many times did Ocwen place calls to Plaintiff ROLENA DREW's cellular telephone in such a way so as to willfully or knowingly violate the TCPA?

Number of calls placed willfully or knowingly _____

Proceed to Number 5.

### Count II – Violation of the Florida Consumer Collection Practices Act ("FCCPA")

**Question 5**. Do you find by a preponderance of the evidence that the debt which Defendant OCWEN sought to collect from Plaintiffs was a "consumer debt" as defined by the FDCPA and FCCPA?

YES _____

NO _____

If your answer to Question 5 is "No," then your verdict on Counts II and III – Violation of the FDCPA and FCCPA – is for Defendant, OCWEN, and you should not answer questions 6 through 25, and proceed to Question 26. If your answer to Question 5 is "Yes," then answer Question 6.

**Question 6**. Do you find by a preponderance of the evidence that Defendant, OCWEN, disclosed to a person other than the Plaintiffs or their family information affecting the Plaintiffs' reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false, in violation of Fla. Stat. § 559.72(5)?

YES      _____

NO      _____

**Question 7**. Do you find by a preponderance of the evidence that Defendant, OCWEN, willfully communicated with Plaintiffs with such frequency as can reasonably be expected to harass them, or willfully engaged in other conduct which can reasonably be expected to abuse or harass them in violation of Fla. Stat. § 559.72(7)?

YES      _____

NO      _____

**Question 8**.    Do you find by a preponderance of the evidence that Defendant, OCWEN, claimed, attempted, or threatened to enforce a debt as to Plaintiffs when Defendant knew that the debt was not legitimate, or asserted the existence of some other legal right when Defendant knew the right did not exist, in violation of Fla. Stat. § 559.72(9)?

YES      _____

NO      _____

**Question 9.**    Do you find by a preponderance of the evidence that Defendant, OCWEN, attempted to collect a debt from Plaintiffs while having knowledge that Plaintiffs were represented by counsel, in violation of Fla. Stat. § 559.72(18)?

YES      _____

NO      _____

If you answered "No" to Questions 6 through 9, then then your verdict on Count II - Violation of the FCCPA– is for Defendant, OCWEN, and you should not answer questions 10 through 12, and proceed to Question 13. If you answered "Yes" to any of the Questions from 6 through 9, then proceed to answer Question 10.

**Question 10.**    If you find that Defendant, OCWEN, violated the FCCPA, do you find by a preponderance of the evidence that each of those violations were (1) unintentional, and (2) resulted from a bona fide error, and (3) made notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

YES      _____

NO      _____

If you answered "Yes" to Question No. 10, then your verdict on Count II – Violation of the FCCPA – is for Defendant, OCWEN, and you should not answer questions 11 through 12, and proceed to Question 13. If you answered "No" to Question 10, then proceed to answer Question 11.

**Question 11.** What amount between $1.00 and $1,000.00 do you find the Plaintiffs are entitled to recover as to statutory damages pursuant to the FCCPA?

     $_____

**Question 12.** What is the amount of actual damages, if any, Plaintiffs are entitled to recover under the FCCPA?

     $_____

## Count III – Violation of the Fair Debt Collection Practices Act ("FDCPA")

**Question 13**. Do you find by a preponderance of the evidence that Defendant, OCWEN, was acting as a "debt collector" in connection with its communications with the Plaintiffs?

YES      _____

NO      _____

If your answer to Question 13 is "No," then do not answer questions 14 through 25, and proceed to answer Question 26. If your answer to Question 13 is "Yes," then proceed to answer Questions 14 through 22.

**Question 14.** Do you find by a preponderance of the evidence that Defendant, OCWEN, communicated with the Plaintiffs in an attempt to collect a debt while having knowledge that the Plaintiffs were represented by an attorney with respect to such a debt, in violation of 15 U.S.C. §1692c(a)(2).

YES      _____

NO      _____

**Question 15.** Do you find by a preponderance of the evidence that Defendant, OCWEN, engaged in any conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiffs in violation of 15 U.S.C §1692d?

YES      _____

NO      _____

**Question 16.**  Do you find by a preponderance of the evidence that Defendant, OCWEN, caused Plaintiff ROLENA DREW's cellular telephone to ring or engaged her in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass her in violation of 15 U.S.C §1692d(5)?

YES   _____

NO   _____

**Question 17.**  Do you find by a preponderance of the evidence that Defendant, OCWEN, placed telephone calls to Plaintiff ROLENA DREW without meaningfully disclosing its identity, in violation of 15 U.S.C §1692d(6)?

YES   _____

NO   _____

**Question 18**.  Do you find by a preponderance of the evidence that Defendant, OCWEN, falsely represented the character, amount or legal status of the alleged debt it sought to collect, in violation of 15 U.S.C. §1692e(2)(A).

YES   _____

NO   _____

**Question 19**.  Do you find by a preponderance of the evidence that Defendant, OCWEN, communicated credit information to a person which was known or which should have been known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1692e(8).

YES   _____

NO   _____

**Question 20**.  Do you find by a preponderance of the evidence that Defendant, OCWEN, used false representations or deceptive means to collect or attempt to collect a debt from Plaintiffs or to obtain information concerning Plaintiffs, in violation of 15 U.S.C. §1692e(10).

YES   _____

NO   _____

***PLAINTIFF'S PROPOSED* Question 21.**  Do you find by a preponderance of the evidence that Defendant, OCWEN, called Plaintiffs ROLENA DREW's cellular telephone number and hung up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector, in violation of 15 U.S.C. §1692e(11).

YES   _____

NO   _____

***DEFENDANT'S PROPOSED*** **Question 21**.  Do you find by a preponderance of the evidence that Defendant, OCWEN, failed to disclose in the initial written communication with Plaintiff and, in addition, if the initial communication with Plaintiff was oral, in that initial oral communication, that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose, and the failure to disclose in subsequent communications that the communication was from a debt collector, in violation of 15 U.S.C. §1692e(11).

YES   _____

NO   _____

**Question 22**.  Do you find by a preponderance of the evidence that Defendant, OCWEN, used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiffs in violation of 15 U.S.C. §1692f?

YES   _____

NO   _____

If you answered "No" to Questions 14 through 22, then then your verdict on Count III - Violation of the FDCPA – is for Defendant, OCWEN, and you should not answer Questions 23 through 25, and proceed to Question 26. If you answered "Yes" to any of the Questions from 14 through 22, then proceed to answer Question 23.

**Question 23.**  If you find that Defendant, OCWEN, violated the FDCPA, do you find by a preponderance of the evidence that each of those violations were (1) unintentional, and (2) resulted from a bona fide error, and (3) made notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

YES   _____

NO   _____

If you answered "Yes" to Question No. 23, then your verdict on Count III – Violation of the FDCPA – is for Defendant, OCWEN, and you should not answer Questions 24 through 25, and proceed to Question 26. If you answered "No" to Question 23, then proceed to answer Questions 24 and 25.

**Question 24.** What amount between $1.00 and $1,000.00 do you find the Plaintiffs are entitled to recover as to statutory damages pursuant to the FDCPA?

$_____

**Question 25.** What is the amount of actual damages, if any, Plaintiffs are entitled to recover under the FDCPA?

$_____

## Count IV – Slander of Credit

***PLAINTIFFS' PROPOSED*** **Question 26.** Do you find by a preponderance of the evidence that Defendant, OCWEN, furnished false information about Plaintiffs to a consumer reporting agency with malice or willful intent to injure such consumer?

YES      _____

NO      _____

***PLAINTIFFS' PROPOSED*** **Question 27.** Do you find by a preponderance of the evidence that Defendant, OCWEN, furnished false information about Plaintiffs to a consumer reporting agency with knowledge that it was false or with reckless disregard of whether it was false or not.

YES      _____

NO      _____

If your answer to either Question 26 or 27 is "Yes", please proceed to number Question 28. If your answer to both Question 26 and 27 is "No," then proceed to Question 29.

***PLAINTIFFS' PROPOSED*** **Question 28.** What is the amount of damages, if any, Plaintiffs are entitled to recover for their Slander of Credit claim?

$_____

***DEFENDANT'S PROPOSED*** **Question 25.** Do you find by a preponderance of the evidence that Defendant, OCWEN, furnished false information about Plaintiffs to a consumer reporting agency?

YES      _____

NO      _____

***DEFENDANT'S PROPOSED*** **Question 26.** Do you find by a preponderance of the evidence that Defendant, OCWEN, furnished false information about Plaintiffs to a consumer reporting agency with knowledge that it was false or with reckless disregard of whether it was false or not.

YES      _____

NO       _____

If your answer to either Question 25 or 26 is "Yes", please proceed to number Question 27. If your answer to both Question 25 and 26 is "No," you must find for Defendant and proceed to Question 29.

***DEFENDANT'S PROPOSED*** **Question 27.** Do you find by a preponderance of the evidence the statement(s) made by Ocwen concerned Ocwen's duty to accurately report credit information and/or to investigate claims of inaccurate reporting?

YES      _____

NO       _____

If your answer to Question 27 is "Yes," you must find for Defendant regarding Slander of Credit and proceed to Question 29.  If your answer to Question 27 is "No," you must find for Plaintiff regarding Slander of Credit and proceed to Question 28.

***DEFENDANT'S PROPOSED*** **Question 28.** What is the amount of damages, if any, Plaintiffs are entitled to recover for their Slander of Credit claim?

$_____

## Count V – Intentional Infliction of Emotional Distress

**Question 29**. Do you find by a preponderance of the evidence that OCWEN engaged in extreme and outrageous conduct towards either Plaintiff; and acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress to either Plaintiff?

YES      _____

NO       _____

If your answer to Question 29 is "Yes", please proceed to number Question 30. If your answer to Question 29 is "No," then proceed to Question 32.

**Question 30**. Do you find by a preponderance of the evidence that OCWEN's extreme and outrageous conduct was a legal cause of severe emotional distress to either of the Plaintiffs?

YES     _____

NO     _____

If your answer to Question 30 is "Yes", please proceed to number Question 31. If your answer to Question 30 is "No," then proceed to Question 32.

**Question 31**. What is the amount of damages, if any, Plaintiffs are entitled to recover for their Intentional Infliction of Emotional Distress claim?

$_____

## I:   INTERROGATORY

**Question 32**. Do you find by clear and convincing evidence that Defendant OCWEN was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss, injury or damage to Plaintiffs:

YES     _____

NO      _____

If your answer to Question 32 is "Yes", please proceed to number Question 33. If your answer to Question 32 is "No," then you should STOP and do not answer Question 33, and proceed to the instructions at the bottom of this page for completing the Final Verdict Form.

**Question 33**. What is the total amount of punitive damages, if any, which you find, by the preponderance of the evidence, should be assessed against the Defendant, OCWEN?

$_____

If you answered "No" to the Question 32, this amount should be "$0".

<u>**FINAL VERDICT**</u>

A.        _____ (check) **WE THE JURY FIND IN FAVOR OF PLAINTIFFS, RICHARD E. DREW AND ROLENA C. DREW**

      (1)        _____ (number) of calls in violation of the TCPA. The court will thereafter determine the amount of damages per call.

      (2)        Statutory Damages in the Amount of $ _____ under the FDCPA.

      (3)        Statutory Damages in the Amount of $ _____ under the FDCPA.

      (4)        Damages in the Amount of $ _____ for Slander of Credit.

      (5)        Damages in the Amount of $ _____ for Intentional Infliction of Emotional Distress.

      (6)        Punitive Damages in the Amount of $ _____.

B.        _____ (check) **WE THE JURY FIND IN FAVOR OF DEFENDANT, OCWEN LOAN SERVICING, LLC**

SO SAY WE ALL this _____ day of _____, 2015.


                                    _____
                                        FOREPERSON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of September, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve a copy upon all CM/ECF participants.

*s/David P. Mitchell*
David P. Mitchell, Esquire
Florida Bar No.: 067249
MANEY & GORDON, P.A.
5402 Hoover Boulevard
Tampa, FL 33634
Tel.: (813) 888-6700
d.mitchell@maneygordon.com
david@mitchellconsumerlaw.com
v.marrero@maneygordon.com
Counsel for Plaintiff
