UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD E. DREW and
ROLENA C. DREW,

    Plaintiffs,

v.                                                      CASE NO: 8:14-cv-369-T-26TGW

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**O R D E R**

After careful and comprehensive consideration of the procedural history of this case and the parties' written submissions, specifically their voluminous submissions in support of their respective motions for summary judgment as well as their joint pretrial statement and trial briefs, and after engaging in its own independent legal research, the Court concludes it is appropriate to revisit several of the critical issues raised in support of the motions for summary judgment in the interest of judicial and client economy and in order to streamline the trial in terms of the genuine disputed issues of material fact to be presented to the jury for resolution. In light of the undisputed material facts appearing of record, those issues are as follows: (1) whether the Defendant's conduct in this case rises to the level of the tort of intentional infliction of emotional distress, (2) whether the debt at issue is a consumer debt within the statutory meaning of the Fair Debt Collection

Practices Act (the FDCPA) and the Florida Consumer Collection Practices Act (the FCCPA), and (3) whether the Plaintiffs' common law slander of credit claim is preempted by federal statutory law – 15 U.S.C. § 1681t(b)(1)(F). The Court arrives at this conclusion notwithstanding the Court's earlier determination denying those motions or the Court's recent order prohibiting the Plaintiffs from presenting certain lay and opinion testimony at trial until they had been fully heard on these three issues. In doing so, the Court is of the opinion that its decision to revisit these three issues *sua sponte* does not prejudice any party in that each party has previously addressed extensively and "b[rought] forward all of their evidence" with respect to these issues in their motions for summary judgment and trial briefs. See Massey v. Congress Life Ins. Co., 116 F.3d 1414, 1417 (11th Cir. 1997).[1]

As to the issue of preemption, the Court concludes as a matter of law that because the Plaintiffs' slander of credit claim is premised solely on the Defendant's act of providing false information to credit reporting agencies with regard to the existence and the delinquency of the debt at issue, and because such conduct relates to the Defendant's reporting and investigating responsibilities under § 1681s-2, § 1681t(b)(1)(F) bars this state-law cause of action. See Hillerson v. Green Tree Servicing, LLC, 2014 WL

---

[1] The Court notes that although the parties were unable to file responses to the motions for summary judgment in light of the Court's order denying the motions, nevertheless, the Court considers the parties' trial briefs as those responses because the trial briefs comprehensively address the three issues which the Court is revisiting.

5439593, at *2-3 (M.D. Fla. 2014) (relying on Purcell v. Bank of Am., 659 F.3d 622 (7th Cir. 2011) and Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45 (2nd Cir. 2011) in support of dismissing the plaintiff's state-law claims of defamation and negligence because they were preempted by § 1681t(b)(1)(F)); see also Green v. Capital One Bank, N.A., 2015 WL 419300, at *2 (M.D. Fla. 2015) (relying in part on Hillerson in dismissing plaintiff's state-law claims of negligence, defamation, and libel based on § 1681t(b)(1)(F) preemption).[2]

With respect to the claim that the Defendant intentionally inflicted emotional distress on the Plaintiffs by repeated phone calls and debt collection activities with regard to the debt at issue, the Court concludes as a matter of law that the Defendant's actions did not rise to the level of outrageousness as is required to sustain such a cause of action. See Kent v. Harrison, 467 So.2d 1114, 1114-15 (Fla. Dist. Ct. App. 1985) (holding that defendant's deliberate, methodical, and incessant harassing telephone calls over a period of several months made to the plaintiff, while offensive and insulting and intentionally designed and undertaken to distress and annoy the plaintiff and to disturb the peacefulness and tranquility of his home, did not rise to the level of extreme and outrageous); Oppenheim v. I.C. Sys., Inc., 695 F.Supp. 2d 1303 (M.D. Fla.) (determining in light of Kent that thirty-five to forty telephone calls over a period of approximately

---

[2] The Court, as did the courts in the cited cases, rejects the Plaintiffs' argument that § 1681h(e) governs the issue of preemption and thus saves their slander of credit claim.

three months was not extreme in degree), affirmed, 627 F.3d 833 (11th Cir. 2010); see also Mikesell v. FIA Credit Servs., N.A., 2013 WL 5781241, at *2-3 (M.D. Fla. 2013) (and cases cited); Sprogis v. Suntrust Bank, 2013 WL 2456090, at *2 (M.D. Fla. 2013) (and cases cited); Neeley v. Wells Fargo Fin., Inc., 2012 WL 5949106, at *2-3 (M.D. Fla. 2012).[3] Furthermore, under the rationale of Macpherson, this claim is also preempted by § 1681t(b)(1)(F). 665 F.3d at 48 (determining that state-law claim of intentional infliction of emotional distress was preempted by § 1681t(b)(1)(F)).

With regard to the claim that the debt at issue qualifies as a consumer debt under the definitional provisions of the FDCPA and the FCCPA, the Court concludes as a matter of law in light of the undisputed material facts that it does not so qualify. As observed by the Eleventh Circuit Court of Appeals in Oppenheim, the definition of "debt" in both the FDCPA and the FCCPA are identical, and claims under both acts are to be treated the same. 627 F.3d at 838.

In this case, to qualify as a consumer debt under both acts, the funds derived from the refinancing transaction with New Century Mortgage Corporation must have been "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5) and Fla.

---

[3] The Court notes that only yesterday the Eleventh Circuit Court of Appeals reiterated the high standard of proof that a plaintiff must meet in order to prevail on a claim of intentional infliction of emotional distress. See Moore v. Pederson, No. 14-14201, slip op. 20-21 (11th Cir. Sept. 16, 2015).

Stat. § 559.55(6).[4] The Plaintiffs concede in their trial brief that the property which was the collateral for the loan was rental property.[5] One of their submissions in support of their motion for partial summary judgment, an exhibit from the affidavit of Plaintiff Rolena Drew, reflects that the amount borrowed was $153,000.00, the amount applied to pay off the existing mortgage on the rental property was $98,134.81, the amount of settlement charges was $13,313.61, of which $3,608.30 was used to pay off three existing personal debts, and the amount paid to the Plaintiffs was $41, 551.78.[6] Finally, the Defendant does not seriously oppose or offer any evidence to contradict the Plaintiffs' claim that the Plaintiffs used the cash proceeds from the loan for personal and family expenses.

In light of these undisputed facts, and in light of the hybrid nature of the loan, the Court elects to utilize what has been referred to as the "quantitative approach" in determining whether the proceeds of the loan were "primarily for personal, family or household purposes." See Graham v. Manley Deas Kochalski LLC, 2009 WL 891743, at *7-8 (S.D. Ohio 2009).[7] Under this approach, "courts look to whether a majority of the

---

[4] Prior to October 1, 2014, the Florida definition was codified at section 559.55(1).

[5] See docket 83, page 19.

[6] See docket 45, Exhibit D.

[7] The Plaintiffs cited this case in both their Motion for Partial Summary Judgment (Dkt. 40, p. 23) and their Trial Brief (Dkt. 83, p. 19).

loan proceeds were used for commercial purposes or consumer purposes." Id., at *8 (citing in part Bokros v. Assocs. Fin., Inc., 607 F.Supp. 869 (N.D. Ill. 1984). In Bokros, the court had as its focus the use of the loan proceeds to determine whether the purpose of the loan was "primarily" for commercial or business purposes under 15 U.S.C. § 1603(1) of the Truth in Lending Act (TILA), which exempts from TILA's provisions "[c]redit transactions involving extensions of credit primarily for business, commercial or agricultural purposes . . ."[8] The facts reflected that $9,000.00 of the $17,000.00 loan proceeds received by Bokros were used to purchase a tractor-trailer and the balance was used to retire an existing residential mortgage. In determining that the loan was exempt from the provisions of TILA because it was a business or commercial loan as opposed to a personal loan, the court stated "[i]f 'primarily' is to have any substantive content (as it must), in the context of a loan like Bokros' – taken out for two discrete purposes – it must refer to the use of more than half of the funds." 607 F.Supp. at 872.

So, too, in this case, if the word "primarily" within the context of defining what constitutes a consumer debt within the meaning of the FDCPA and the FCCPA "is to have any substantive content (as it must)" as applied to the Plaintiffs' loan, "it must refer to the use of more than half of the funds." In this case, it is undisputed that substantially more than half of the loan proceeds generated by the transaction with New Century

---

[8] As the court in Graham observed, "some federal courts use the standards under the Truth in Lending Act ('TILA') to determine whether a debt is primarily for personal, family, or household purposes." 2009 WL 891743, at *7 (citation omitted).

Mortgage Corporation were not utilized for personal, family, or household purposes but instead were used to pay off the existing mortgage on the Plaintiffs' rental property.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that the Defendants' Motion for Partial Summary Judgment (Dkt. 38) is hereby reconsidered and **granted as to the claims embodied in counts two, three, four, and five of the Plaintiffs' second amended complaint**. This case will proceed to trial only on the Plaintiffs' claim brought in count one of their second amended complaint pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*., in that the Court determines there exist disputed issues of material fact with regard to the number of calls allegedly made to the Plaintiffs by the Defendant and whether those calls were made knowingly and willfully.

**DONE AND ORDERED** at Tampa, Florida, on September 17, 2015.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record