# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROLENA C. DREW,

      Plaintiffs,

v.                                      CASE NO.  8:14-cv-369-T-26TGW

OCWEN LOAN SERVICING, INC.,

      Defendant.

_____/

# COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. To decide whether you believe any witness, I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

I have admitted into evidence transcripts of the recorded telephone calls you heard during the course of the trial, as well as the telephone calls themselves. I have admitted these transcripts for the limited and secondary purpose of helping you follow the content of the conversations as you listened to the recorded telephone calls and also to help you identify the speakers in those telephone conversations.

I specifically instruct you that whether the transcripts correctly reflect the contents of the conversations or the identity of the speakers is entirely for you to decide based on your own examination of the transcripts in relation to hearing the recorded telephone calls themselves as the primary evidence of their own contents.

If you determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent.

In this case, the Plaintiff ROLENA DREW has the responsibility to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the party making that claim.

In this case, the Plaintiff ROLENA DREW seeks statutory damages against the Defendant OCWEN for alleged violations of the federal statute entitled the Telephone Consumer Protection Act, (commonly referred to as the "TCPA"), all of which arise out of OCWEN's efforts to collect a debt that had previously been discharged in Bankruptcy.

The Defendant OCWEN denies the number of telephone calls claimed by the Plaintiff ROLENA DREW and whether such telephone calls were made willfully or knowingly.

Plaintiff specifically claims that OCWEN violated the TCPA by making telephone calls to her cellular telephone number using an "automated telephone dialing system."

The TCPA provides in relevant part:

(1)     It shall be unlawful for any person within the United States, or any person outside of the United States if the recipient is within the United States ---

(A)     To make any call using any automatic telephone dialing system –

(iii)     to any telephone number assigned to cellular telephone service.

The parties have stipulated that Defendant OCWEN used an "automatic dialing system" in calling the Plaintiff ROLENA DREW so you must treat this fact as proved for this case.

Your first function in arriving at a verdict is to determine how many calls the Defendant OCWEN made to the Plaintiff ROWENA DREW's cellular telephone number.

After making that determination, you must next determine whether OCWEN willfully or knowingly violated the TCPA by making calls to Plaintiff ROLENA DREW's cellular telephone number with knowledge that the calls were being placed to her cellular telephone number.

If you find that Defendant OCWEN willfully or knowingly violated the TCPA, then you should next determine the number of times OCWEN made such calls that willfully or knowingly violated the TCPA.

The Court will thereafter determine the amount of damages, if any, awardable to Plaintiff Rolena Drew pursuant to a statutory formula.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain Verdict Form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.